UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WYNSTON HILL CAPITAL, LLC.,

                              Petitioner,

                                                                          ~~Case No.~~

      v.

ROBERT CRANE

                              Respondent.
----------------------------------------------------------------x

## MOTION AND PETITION
## TO VACATE ARBITRATION AWARD

Petitioner Wynston Hill Capital, LLC by its attorneys, Cyruli Shanks & Zizmor LLP, as and for its Motion and Petition to Vacate Arbitration Award, on the basis that the Arbitration Panel demonstrates a manifest disregard for the law.

## INTRODUCTION

1.    This is a motion and Petition to vacate a Final Award dated August 17, 2021 ("Award") in the FINRA arbitration entitled "Robert Crane v. Wynston Hill Capital, LLC, Christopher Joseph Nelson, Joseph Morris Thurnherr, Robert Joseph Calamunci and Craig Jay Sherman, FINRA Case No.19-02155. At the conclusion of the arbitration hearing, Petitioner Wynston Hill Capital, LLC ("WHC") was the sole Respondent. (Exhibit A)

## PARTIES

2.    Petitioner Wynston Hill Capital, LLC, is a New York limited liability company and at all relevant times, had its principal place of business in New York County, New York.

3. Respondent Robert Crane at all relevant times was a resident of the State of Iowa.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and the Federal Arbitration Act, 9 U.S.C. § 10.

5. Venue is proper because at all relevant times Petitioners principal place of business was within this District.

## BASIS FOR RELEIF

6. Section 10 of the Federal Arbitration Act (the "FAA") governs the vacatur of arbitration awards and sets forth four specific grounds:

- when the award was procured by corruption, fraud or undue means—§ 10(a)(1);

- when there was evident arbitrator partiality or corruption—§ 10(a)(2);

- when the arbitrator refused to postpone the hearing, or to hear evidence pertinent and material to the case, or engaged in any other misbehavior that prejudiced the rights of a party—§ 10(a)(3); or

- when the arbitrator exceeded his or her powers, or so imperfectly executed them that a mutual, final and definite award was not made—§ 10(a)(4).

7. In addition, the Federal courts have created grounds for vacatur which allows a losing party to challenge the award based on an Arbitrator's manifest disregard of the law.

8. To vacate an award on the basis of a manifest disregard of the law, the court must find 'something beyond and different from mere error in the law or failure on

the part of the arbitrators to understand or apply the law.' " *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 n. 1 (2d Cir. 2011) (*quoting Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002))

9.      In issuing the Award, the Arbitration Panel manifestly disregarded the law, by, among other things, denying the Petitioners motion to dismiss as untimely and by finding vicarious liability on the part of the Petitioner, without finding any liability on the part of any employee of the Petitioner.

## RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court issue an order:

1. vacating the Final Award dated August 17, 2021 ("Award"); and

2. granting Petitioner such other and further relief as may be just and proper.


Dated:  October 12, 2021
        New York, New York


CYRULI SHANKS & ZIZMOR, LLP

By: /s/ Paul Goodman
_____
        Paul Goodman (PG-4049)

Attorneys for Petitioner
  Wynston Hill Capital, LLC
420 Lexington Avenue, Suite 2320
New York, New York 10170
(212) 661-6800