UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WYNSTON HILL CAPITAL, LLC,

                Petitioner,

   -v-

ROBERT CRANE,

                Respondent.

CIVIL ACTION NO.: 21 Civ. 8398 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

### I.  INTRODUCTION

Petitioner Wynston Hill Capital, LLC ("Wynston Hill") commenced this action under the Federal Arbitration ACT ("FAA"), seeking to vacate an arbitration award dated August 17, 2021 (the "Award") in favor of Respondent Robert Crane ("Crane") following a hearing administered by the Financial Industry Regulatory Authority ("FINRA"). (ECF No. 1 (the "Petition")). In the FINRA proceeding, Crane alleged, inter alia, that Wynston Hill "failed to supervise the brokers and employees involved in handling [his] account[,]" and that Joseph Thurnherr ("Thurnherr"), "the broker handling his account, was not registered in [Crane]'s state of residency and used the registration of another person to execute transactions in [Crane]'s account." (ECF No. 4-1 at 2). Crane has opposed the Petition and cross-petitioned to confirm the Award. (ECF No. 4 (the "Cross-Petition")).

On August 26, 2022, the Court ordered the parties to show cause by September 2, 2022 "why their respective petitions should not be dismissed for lack of subject-matter jurisdiction and for failure to join an indispensable party, i.e., Thurnherr." (ECF No. 11 (the "OTSC")). Neither party responded to the OTSC.

For the reasons set forth below, the Petition and Cross-Petition are DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

### A. Factual Background

In or about January 2019, Crane opened an investment account at Wynston Hill, and "funded his account with approximately $400,000 in cash." (ECF No. 4 at 5). Within three months, "his account sustained over $314,852 in losses." (Id.)

On or about August 1, 2019, Crane commenced arbitration (the "Arbitration") against Wynston Hill, Thurnherr, and three other individuals, namely, Robert Joseph Calamunci, Sr. ("Calamunci"), Craig Jay Sherman ("Sherman"), and Christopher Joseph Nelson ("Nelson"). (ECF No. 4-1 at 1). Crane asserted "the following causes of action: unsuitability, wrongful over-concentration, unauthorized trading, fraud, failure to supervise, and respondeat superior." (Id. at 2). Crane's claims "related to [his] allegation that Wynston Hill failed to supervise the brokers and employees involved in handling [his] account." (Id.) Crane also "alleged that Thurnherr, the broker handling his account, was not registered in [Crane]'s state of residency and used the registration of another person to execute transactions in [Crane]'s account." (Id.) "Finally, [Crane] alleged that Wynston Hill, Calamunci, Sherman, Nelson, and Thurnherr [were] responsible for [] unsuitable and unauthorized trades in his account[.]" (Id.)

On August 17, 2021, following a hearing, the Arbitration panel the ("Panel") issued the Award. (ECF No. 4-1). The Panel determined that "Wynston Hill and Thurnherr are jointly and severally liable for and shall pay to [Crane] the sum of $476,676.85, which include[d] $314,852.15 in compensatory damages and $161,824.70 in commissions, fees, and interest charges."

(Id. at 4).  The Panel also found Wynston Hill and Thurnherr jointly and severally liable for interest on the Award, $1,500.00 in expert witness expenses, and $300.00 in costs.  (Id. at 4–5).  The Award reflects that, during the hearing, Crane "stipulated to the dismissal of claims against Calamunci and Sherman and dismissed Nelson with prejudice."  (Id. at 4).

### B. Procedural Background

On October 12, 2021, Wynston Hill filed the Petition against Crane, seeking to vacate the Award based on the arbitrator's "manifest disregard of the law."  (ECF No. 1).  Wynston Hill asserts that the "Court has jurisdiction pursuant to 28 U.S.C. § 1332 and the Federal Arbitration Act, 9 U.S.C. § 10."  (Id. ¶ 4).  Regarding the parties' citizenship, Wynston alleges that it "is a New York limited liability company and at all relevant times, had its principal place of business in New York County, New York[,]" and that "Crane at all relevant times was a resident of the State of Iowa." (Id. ¶¶ 2, 3).  The Petition provides no information regarding the identity or citizenship of Wynston Hill's members, nor, as noted above, did Wynston Hill respond to the OTSC.

On October 14, 2021, the Honorable Gregory H. Woods, to whom the case was assigned at that time, referred the case to the undersigned for general pretrial supervision and dispositive motions.  (ECF No. 2).

On October 25, 2021, Crane filed the Cross-Petition, opposing the Petition and seeking to confirm the Award. (ECF No. 4).  Specifically, Crane requests "an Order confirming the Arbitration Award's finding of joint and several liability as to [Wynston Hill] and [] Thurnherr for compensatory damages in favor of" Crane.  (Id. at 17).  The Cross-Petition does not state any basis for the Court's subject matter jurisdiction, nor did Crane respond to the OTSC.

3

On November 15, 2021, the parties consented to Magistrate Judge jurisdiction for all purposes. (ECF No. 10). On August 26, 2022, the Court ordered the parties "to show cause why their respective petitions should not be dismissed for lack of subject-matter jurisdiction and for failure to join an indispensable party, i.e., Thurnherr." (ECF No. 11 at 1–2). The Court directed the parties to respond to the OTSC by September 2, 2022, which they have failed to do. (Id. at 2).

### III. LEGAL STANDARDS

#### A. Federal Subject Matter Jurisdiction

"It is axiomatic that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Reach Glob., Inc. v. Ridenhour, No. 20 Civ. 391 (AKH), 2020 WL 2319176, at *1 (S.D.N.Y. May 10, 2020) (internal citations omitted). "As federal courts have limited jurisdiction, it is 'presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" Pu v. Russell Publ'g Grp., Ltd., No. 15 Civ. 3936 (VSB), 2015 WL 13344079, at *2 (S.D.N.Y. Dec. 29, 2015) (quoting Renne v. Geary, 501 U.S. 312, 316 (1991)). Moreover, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).

"Congress has granted [federal district] courts jurisdiction over two main kinds of cases[:] . . . diversity cases—suits between citizens of different States as to any matter valued at more than $75,000[,]" and "federal-question cases—suits 'arising under' federal law." Badgerow v.

4

Walters, 142 S. Ct. 1310, 1315–16 (2022) (citing 28 U.S.C. §§ 1331, 1332(a)). Regarding the latter, "an action arises under federal law if that law 'creates the cause of action asserted.'" Id. at 1316 (quoting Gunn v. Minton, 568 U.S. 251, 257 (2013)).

With respect to diversity cases, "[i]t is black-letter law that 'complete diversity,' in which the citizenship of each plaintiff is diverse from the citizenship of each defendant, must exist for a district court to exercise diversity jurisdiction over an action." Vilayvanh v. E. 111th St. Properties, LLC, No. 20 Civ. 7226 (VEC), 2020 WL 6364871, at *2 (S.D.N.Y. Oct. 29, 2020) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "In other words, if any plaintiff shares citizenship of the same state as any defendant, complete diversity does not exist, and diversity jurisdiction is lacking." Johnson v. Cty. of Suffolk, 280 F. Supp. 3d 356, 360 (E.D.N.Y. 2017).

"For purposes of diversity jurisdiction, a person's citizenship is determined by his domicile at the time the complaint was filed." Velez v. MAM Trucking Servs., Inc., No. 21 Civ. 316 (AT), 2021 WL 1625411, at *2 (S.D.N.Y. Apr. 27, 2021). "The citizenship of a limited liability company is determined by the citizenship of each of its members." Vilayvanh, 2020 WL 6364871, at *2 (citing Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019)). "A Limited Liability Company ("LLC") is completely diverse from opposing parties only if all of the members of the LLC are citizens of different states than all opposing parties." Dumann Realty, LLC v. Faust, No. 09 Civ. 7651 (JPO), 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013); see Flemming v. Port Auth. of N.Y. & N.J., No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (citation omitted). "[T]he consequence of a party (which includes any member of a limited liability company) whose citizenship is the same as any adversary's is a lack

of diversity jurisdiction, and the court simply has no power to hear the case." Avant Cap. Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 321 (S.D.N.Y. 2016).

### B. The FAA

"[T]he FAA authorizes parties to arbitration agreements to file specified actions in federal court—most prominently, petitions to compel arbitration (under Section 4) and applications to confirm, vacate, or modify arbitral awards (under Sections 9 through 11)." Badgerow, 142 S. Ct. at 1316. "But those provisions . . . do not themselves support federal jurisdiction." Id. Rather, "[a] federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" Id. (quoting Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008)). "That means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" Id. (quoting Vaden v. Discover Bank, 556 U.S. 49, 59 (2009)).

"When conducting the required jurisdictional inquiry in cases brought to confirm [or vacate] an arbitration petition under FAA [§§ 9 or 10], the court 'may look only to the application actually submitted to it in assessing its jurisdiction.'" Reineri v. Int'l Bus. Machines Corp., No. 21 Civ. 8654 (LAK) (BCM), 2022 WL 2316622, at *3 (S.D.N.Y. June 28, 2022) (quoting Badgerow, 142 S. Ct. at 1314). "It cannot ''look through' the petition to the 'underlying substantive controversy' between the parties' to establish either federal question or diversity jurisdiction." Id. (quoting Badgerow, 142 S. Ct. at 1314). "In other words, a district court may not exercise jurisdiction solely because the underlying substantive controversy between the parties would have been maintainable in federal court for example, by presenting a federal question." Trustees of New

6

York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC, No. 21 Civ. 8330 (LAK), 2022 WL 2209349, at *2 (S.D.N.Y. June 20, 2022).

## IV.  DISCUSSION

The Court finds that the parties have failed to establish a basis for the Court to exercise subject matter jurisdiction over their dispute. In the Petition, Wynston Hill alleges that the "Court has jurisdiction pursuant to 28 U.S.C. § 1332 [i.e., diversity jurisdiction] and the Federal Arbitration Act, 9 U.S.C. § 10." (ECF No. 1 ¶ 4). Initially, Wynston Hill's reliance on FAA § 10 as the source of subject matter jurisdiction is a non-starter because, as discussed above, the FAA "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." 3F Partners Ltd. P'ship v. Medtronic, Inc., No. 18 Civ. 4803 (JMF), 2018 WL 5266876, at *2 (S.D.N.Y. Oct. 23, 2018) (quoting Vaden, 556 U.S. at 59). Accordingly, because the FAA does not itself confer subject matter jurisdiction, and neither the Petition nor Cross-Petition contains a federal question within the meaning of 28 U.S.C. § 1331, the Court can exercise jurisdiction over this case only if the parties satisfy the diversity jurisdiction requirements of 28 U.S.C. § 1332.

The parties have failed to establish the Court's subject matter jurisdiction based on diversity. Wynston Hill alleges that it "is a New York limited liability company" and that Crane is "a resident of the State of Iowa." (ECF No. 1 ¶¶ 2–3). As discussed above, however, "[f]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its members[,]" Jean-Louis v. Carrington Mortg. Servs., LLC, 849 F. App'x 296, 298 (2d Cir. 2021) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000)), and "a person's citizenship is determined by his domicile at the time the complaint was filed." Velez, 2021 WL

7

1625411, at *2.  "Domicile requires the party's physical presence in the state and the intent to remain there indefinitely."  Id.  "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Companies, Inc., 935 F.3d 49, 54 (2d Cir. 2019).  As the Court advised the parties in the OTSC, "[b]ecause Wynston Hill, an LLC, has not provided the citizenship of its members or the place of Crane's domicile, the Court is unable to determine whether it has diversity jurisdiction."  (ECF No. 11 at 3).  Despite having the opportunity to supply that information and establish a basis for the Court's jurisdiction, the parties have failed to do so.  Accordingly, the Court must conclude that it lacks subject matter jurisdiction over this action.  See Reineri, 2022 WL 2316622, at *4; Flemming, 2021 WL 878558, at *1.

The Court notes that a "[p]etitioner's defective jurisdictional pleading is not necessarily fatal[,]" and that the Court has the discretion to grant the parties leave to amend to cure their defective pleadings.  Reineri, 2022 WL 2316622, at *4 ("If jurisdiction existed as of the date on which the case was filed—but was inadequately pleaded—the court may 'allow a complaint to be amended to assert those necessary facts.'") (quoting Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009)).  The Court finds, however, that granting leave to amend is not warranted here.  Indeed, the Court has alerted the parties to the potential subject matter jurisdiction deficiency and gave them a chance to supplement their defective pleadings in response to the OTSC.  The parties ignored the OTSC, and the Court finds no basis to grant them a further opportunity to explain a basis for subject matter jurisdiction. Flemming, 2021 WL 878558, at *1 ("Because plaintiff has not adequately alleged that this Court

8

has diversity jurisdiction, and has failed to cure that despite [the court] having provided her with an opportunity to do so, the case is dismissed.").

## V.  CONCLUSION

For the reasons set forth above, the Petition and Cross-Petition are DENIED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[1]  The Clerk of Court is respectfully directed to close this case.

Dated:     New York, New York
           September 16, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

---

[1] Because the Court finds that dismissal for lack of subject matter jurisdiction is warranted, it does not address the other basis for the OTSC, i.e., whether Thurnherr is a necessary party to this action under Federal Rule of Civil Procedure 19.